ELECTRICAL EQUIPMENT CO. v. FREDERICK J. COOK.

151 So. 483.

Division A.

Opinion Filed December 19, 1933.

*Miller, McKay, Dixon & DeJarnette,* for Plaintiff in Error.

*Hudson & Cason* and *Rudolph Isom,* for Defendant in Error.

PER CURIAM.—Defendant in error brought an action at law against plaintiff in error to recover damages for personal injuries resulting from being struck on the head by a cash carrier when in the employ of plaintiff in error. This writ of error is to a judgment in the sum of $3,000.00.

The record discloses that plaintiff in error operated a store in which it sold electrical equipment, radios, and automobile supplies. To expedite its business it had cash carriers running from various points in its store to a central cashier's cage. The cashier's cage was near the ceiling and was built up from the floor. The cash carriers traveled on wires at an angle of about forty-five degrees, the lower end being about six feet and the upper end about eleven feet from the floor.

Defendant in error was employed to redecorate and paint the store of plaintiff in error and while in the discharge of this employment he was struck on the head by one of these cash carriers as it was operated by one of the clerks in the store. He was not permitted to paint the store except during the business hours of the day and had been at the job about eight days when he was hurt.

It is contended here that defendant in error cannot recover because he was a fellow servant of the clerk who

operated the cash carrier by which he was injured, that he knew the cash carrier system was in operation in the store, that it was dangerous, and that there was no duty on the part of plaintiff in error to warn him, and that the trial court erred in giving and in refusing to give certain charges more specifically set out in the record.

. The facts in this case show conclusively that defendant in error and the clerk who operated the cash carrier were not fellow servants. Their work was different, their hours were different, they worked under a different foreman, the clerk was subject at all times to the direction of his foreman while defendant in error was an independent contractor and conducted his work at his own desire and discretion. The work done by the clerk and defendant in error did not bring them in frequent contact, their services had no common object, and one was not necessarily exposed to the hazard of the careless act of the other. This being our analysis of the evidence, and the question of whether or not one is a fellow servant of another being one of fact to be determined by the evidence, it follows that the fellow servant doctrine has no application to this case.

. The record has been examined in the light of the other assignments of error and, in view of the whole showing made, the injury and expense suffered, it is not made to appear that reversible error was committed. An exposition of these questions would serve no useful purpose.

. The judgment below is accordingly affirmed.

. Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and BUFORD, J. J., concur.

BROWN, J., absent and not participating because of illness.